DANIEL N. GREENBAUM (SBN 268104)
LAW OFFICE OF DANIEL N. GREENBAUM
7120 Hayvenhurst Ave, Suite 320
Van Nuys, California 91406
Telephone: (818) 809-2199
Facsimile: (424) 243-7689
Email: dgreenbaum@greenbaumlawfirm.com

Attorneys for Plaintiff Elizabeth Shaw

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Elizabeth Shaw, an individual | **CASE NO:** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. BREACH OF CONTRACT;<br>2. FRAUD;<br>3. NEGLIGENT MISREPRESENTATION; |
| CHASE METALS, an unknown entity; CHASE METALS SERVICE CORPORATION, a Delaware corporation; METALS.COM, an unknown entity; CHASEMETALS.COM, an unknown entity; CHASE METALS LLC, a Wyoming limited liability company; CHASE METALS INC., a Wyoming corporation; TEM INC., a Wyoming corporation; and TMTE INC., a Wyoming corporation; WALTER AVERRA, an individual; LUKE MCCAIN, an individual, JONATHAN SACHS, an individual; | 4. FRAUDULENT INDUCEMENT;<br>5. FINANCIAL ELDER ABUSE;<br>6. CONVERSION;<br>7. COMMON COUNTS;<br>8. UNFAIR AND DECEPTIVE BUSINESS PRACTICES [CAL.B&P 17200, ET SEQ.];<br>9. VIOLATION OF PENAL CODE § 496(a);<br>10. CIVIL CONSPIRACY;<br>11. RESCISSION BASED ON UNILATERAL MISTAKE;<br>12. RESCISSION BASED ON FRAUD;<br>13. RESCISSION BASED ON NEGLIGENT MISREPRESENTATION;<br>14. RESCISSION BASED ON LACK OF CONSIDERATION;<br>15. RESCISSION BASED ON ILLEGALITY & PUBLIC INTEREST;<br>16. CANCELLATION OF INSTRUMENTS [CIVIL CODE § 3412];<br>17. RESTITUTION (UNJUST ENRICHMENT);<br>18. ACCOUNTING;<br>19. CIVIL RICO – SECTION 1962(c); and<br>20. CIVIL RICO – SECTION 1962(d). |
| Defendants. | |

Plaintiff Elizabeth Shaw, an individual, alleges as follows:

**PARTIES**

1. Plaintiff Elizabeth Shaw (hereinafter "**Plaintiff**") was and at all times relevant to this Complaint an individual with a place of residence in the City of Benton, County of Benton, Arkansas.

2. Plaintiff alleges that defendant, Chase Metals, is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

3. The defendant, Chase Metals Service Corporation, is a Delaware corporation with its principal place of business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California. Plaintiff is informed, believes, and thereon alleges that Chase Metals Service Corporation is registered and doing business in California as a company engaging in the trade of precious metals, including coins and Bullions.

4. Plaintiff alleges that defendant, Metals.com, is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

5. Plaintiff alleges that defendant, ChaseMetals.com, is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

6. Plaintiff alleges that defendant, Chase Metals LLC, is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

7. Plaintiff alleges that defendant, Chase Metals Inc. is, and at all relevant times mentioned herein

was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

8. Plaintiff alleges that defendant, TEM Inc. is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

9. Plaintiff alleges that defendant, TMTE Inc., is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

10. Defendants Chase Metals, Chase Metals Service Corporation, Metals.com, Chase Metals LLC, Chasemetals.Com, Chase Metals Inc., TEM Inc. and TMTE Inc., are sometimes referred to herein collectively as "**Corporate Defendants**".

11. Plaintiff alleges that defendant, Walter Auera ("**Auera**"), is, and at all times mentioned herein was, a resident of the County of Los Angeles, California, and conducting business on behalf of the Corporate Defendants in the County of Los Angeles, California.

12. Plaintiff alleges that defendant, Luke McCain ("**McCain**"), is, and at all times mentioned herein was, a resident of the County of Los Angeles, California, and conducting business on behalf of the Corporate Defendants in the County of Los Angeles, California.

13. Plaintiff alleges that defendant, Jonathan Sachs ("**Sachs**"), is, and at all times mentioned herein was, a resident of the County of Los Angeles, California, and conducting business on behalf of the Corporate Defendants in the County of Los Angeles, California.

14. The identities of DOES 1 through 100 are unknown to Plaintiff at this time; however, Plaintiff suspects they are business entities or individuals that at all times relevant to this complaint, were involved in the marketing, distribution and sales of precious metals and were conducting business in the County of Los Angeles, State of California or were conducting business on behalf

of those conducting business in the County of Los Angeles, State of California.

## ALTER-EGO ALLEGATIONS

15.   Plaintiff is informed and believes and thereon allege, at all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendant's acts alleged herein was done with the permission and consent of each of the other Defendants.

16.   At all times relevant hereto, each defendant was the alter ego of each other, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between Defendants such that any separateness between them has ceased to exist, each acted in concert, and acted in a conspiracy, and thus, are jointly and severally responsible for the conduct of one another.

17.   Plaintiff is informed and believes and thereon alleges, each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

18.   Plaintiff is informed and believes and thereon alleges, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint was, the agent, joint-employer, partner, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other Defendants, and/or otherwise acted on the behalf of each other Defendant.

## JURISDICTION AND VENUE

19.   Plaintiff incorporates by reference each and every allegation of the above paragraphs as though set forth fully herein.

20.   Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over the matters alleged herein based on diversity jurisdiction where Plaintiff and Defendants are citizens of different States and the amount in controversy, exclusive of interests and costs, is in excess of seventy-

five thousand ($75,000) dollars. Additionally, this Court has subject matter jurisdiction over this action pursuant to the civil RICO remedies at 18 U.S.C. § 1964, thereby giving this Court jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

21.  Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because the County of Los Angeles, California is the location where a substantial part of the events or omissions giving rise to the claim occurred.

**STATEMENT OF FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

22.  Plaintiff incorporates by reference each and every allegation of the above paragraphs as though set forth fully herein.

23.  Plaintiff was born on September 22, 1939. Plaintiff was married to Larry Neal Shaw in May of 1959, who was born on or about May 25, 1939. On or about July 2, 2011, Larry passed away at the age of 72 years old. During their marriage on or about 2009 Plaintiff and her beloved purchased two annuities.  Plaintiff received a life insurance policy for $100,000 upon her beloved's death.

24.  Plaintiff retired in 2005. One of the two annuities paid and continues to pay the house payments. As of early 2018 the other annuity was valued at $150,000 and monthly Social Security checks to live on. Plaintiff enjoys her life in Benton, Arkansas, volunteering with church, visiting with friends, and her son Larry, Jr. Plaintiff also enjoys loyally watching Fox News Channel at least once per week.

25.  On or about February 20, 2018, Plaintiff received a telephone call from Defendant Walter Averra who stated he was representing Sean Hannity (number one rated prime-time host of Fox News Channel). Averra claimed Plaintiff's annuity was losing value and silver would earn Plaintiff at least fifteen percent (15%) interest. Averra coerced Plaintiff into agreeing that having a retirement account earning interest was best. Plaintiff informed Averra that there would be a ten-thousand dollar ($10,000) penalty for early withdrawal on the annuity. Averra told Plaintiff that he would give Plaintiff an extra ten-thousand dollars ($10,000) in silver to make up for the penalty. Averra assured Plaintiff that she was purchasing pure silver. Averra also repeatedly

assured Plaintiff that her investment was safe and had no risk of losing money. Defendant also repeatedly represented to Plaintiff that the dollar loses value while Defendants' Investment Opportunity, involving among other things, investments in precious metals, was a safe and no-risk investment. During the communication with Defendant, Plaintiff repeatedly stated that she could not afford to lose any part of her retirement savings. Defendant repeatedly assured Plaintiff that he understood and that her funds would be safe and that investments in precious metals with Defendants would not lose value.

26.    Defendants including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and her investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Further, Defendants, particularly, Averra, repeatedly represented to Plaintiff that: she would be purchasing precious metals from Defendants at fair market value on the day of purchase; that she would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf. Based on Defendant's repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that she would have access to her investment funds at any time if she needed money.

27.    In reasonable and justifiable reliance on the aforementioned representations and assurances by Defendants, particularly, Averra, about Defendants' Investment Opportunity, Plaintiff decided to buy into Defendants' Investment Opportunity and purchase precious metals from Defendants with her life savings and retirement funds.

28.    On or about February 23, 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff wrote a personal check number 822, drawn from Heartland Bank and Trust in Benton, Arkansas to Chase Metals in the amount of $115,000 to purchase silver coins.

29.    On or about February 26, 2018, Defendant Chase Metals received the check from Plaintiff.

30. On or about February 26, 2018, Defendant Chase Metals sent a copy of a purchase invoice alleging shipment to Delaware Depository Services Co. of: quantity 101 of Silver - Canadian Maple Leaf Coins .9999 – 1.0 oz with a unit price of $18.36 totaling $1,854.36, quantity 10 of Silver - America The Beautiful Coin - Kisatche - 5.0 oz with a unit price of $135 totaling $1,350, quantity 4,150 of Silver - 2018 Polar Bear Coin .9999 - 0.5 oz with a unit price of $26.50 totaling $109,975.00, quantity 10 of Silver - bar - 10 oz with a unit price of $182.00 totaling $1,820.00, for a grand total of $114,999.36.

31. On February 26, 2018, the spot price of silver was $16.67 per ounce. The total amount of silver Plaintiff purchased was 2,326 ounces. At $16.67 per ounce the total value of the silver Plaintiff purchased was $38,774.42,

32. On or about June 1, 2019, Plaintiff spoke with Defendant Anthony Bowers. Bowers claimed that Metals.com had taken over Chase Metals. Bowers told Plaintiff that silver was up about 15% from when Plaintiff bought the aforementioned products. After the conversation with Bowers, Plaintiff was excited to sell the products sold to her by Defendants and invest in a new annuity that would provide her piece of mind for the rest of her days.

33. At that point, Plaintiff reached out to Delaware Depository Services Co. in attempt to sell the products after Plaintiff had repeatedly tried to speak with Defendants.

34. Unfortunately, Delaware Depository Services Co. told Plaintiff they were unable to help her and that she should to contact Defendants directly.

35. From June 15, 2019 until February, 2020, Defendants did not respond to Plaintiff.

36. On or about January 24, 2020, Plaintiff called Midas Gold Group, another precious metals reseller, who identified that Chase Metals sold Plaintiff product worth only $40,000.

37. In response, Plaintiff cried for two days, feeling like she had lost everything she had.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(Against all Defendants)**

38. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation

from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

39.    As alleged herein and above, defendants, Averra, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and her investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendant Averra, repeatedly represented to Plaintiff that: she would be purchasing precious metals from Defendants at fair market value on the day of purchase; that she would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that she would have access to his investment funds at any time if she needed money.

40.    As a result of the repeated representations and assurances by Defendants, particularly, defendant Averra, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.

41.    Plaintiff received an invoice for participating in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See **Exhibit "1"** (i.e., Invoice) attached hereto and fully incorporated herein by this reference.

42.    Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated February 26, 2018, the amount of $115,00.00, attached hereto and fully incorporated herein by this reference. See **Exhibit "2"** (Plaintiff check).

43.    Accordingly, Plaintiff has, at all times herein mentioned, fully complied with and performed

and/or stand ready, able, and willing to comply and perform all terms of the agreement with Defendants, except as to those which were excused, waived, and/or prevented by Defendant's conduct.

44. However, Defendants is, and at all times mentioned herein were, in breach of their promises to Plaintiff, as alleged herein and above, and thereby breached the Contract.

45. Plaintiff has fully performed all his obligations pursuant to the agreement mentioned herein and has performed to the extent not prevented by the Defendants. Plaintiff has made good faith attempts to resolve the dispute, but Defendants refused and continues to refuse to comply with the Contract.

46. As a factual and legal result of Defendant's breaches as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

47. Additionally, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## SECOND CAUSE OF ACTION

### FRAUD

### (Against all Defendants)

48. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

49. As alleged herein and above, defendant Averra, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendant Averra, repeatedly represented to Plaintiff that: she would be purchasing precious metals from Defendants at fair market value on the day of purchase; that she would be able to sell and/or

Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that she would have access to his investment funds at any time if she needed money.

50. In reliance on the repeated representations and assurances by Defendants, particularly, defendant Averra, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.

51. Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated February 26, 2018, the amount of $115,00.00.

52. Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants. At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

53. Defendants made the aforementioned representations and assurances with the intention to defraud and persuade the Plaintiff to buy into Defendants' Investment Opportunity and buy precious metals from Defendants as part of the Investment Opportunity.

54. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

55. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $5,000,000.00.

56. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to

1   recover from Defendant in accordance with the terms of the agreements alleged herein or as may

2   be provided by law.

### THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

### (Against all Defendants)

57.   Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

58.   As alleged herein and above, defendant Averra, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendant Averra, repeatedly represented to Plaintiff that: she would be purchasing precious metals from Defendants at fair market value on the day of purchase; that she would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that she would have access to his investment funds at any time if she needed money.

59.   In reliance on the repeated representations and assurances by Defendants, particularly, defendant Averra, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.

60.   Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated February 26, 2018, the amount of $115,00.00.

---

61. Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants.

62. At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

63. Defendants made the aforementioned representations and assurances with the intention to defraud and persuade the Plaintiff to buy into Defendants' Investment Opportunity and buy precious metals from Defendants as part of the Investment Opportunity.

64. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

65. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## FOURTH CAUSE OF ACTION

### FRAUDULENT INDUCEMENT

### (Against all Defendants)

66. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

67. As alleged herein and above, defendant Averra, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendant Averra, repeatedly represented to Plaintiff that: she would be purchasing precious metals from Defendants at fair market value on the day of purchase; that she would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime,

without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that she would have access to his investment funds at any time if she needed money.

68.   In reliance on the repeated representations and assurances by Defendants, particularly, defendant Averra, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.

69.   Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated February 26, 2018, the amount of $115,00.00.

70.   Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants.

71.   At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

72.   Plaintiff reasonably and justifiably relied on Defendants' false representations and assurances.

73.   Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

74.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

75.   Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ.

Code § 3294 in excess of $5,000,000.00.

76.     Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

### FIFTH CAUSE OF ACTION

### FINANCIAL ELDER ABUSE

### (Welf. & Inst. Code §§ 15610.30, 15657.5)

### (Against all Defendants)

77.     Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

78.     At all times mentioned herein, Plaintiff was older than 65 years of age.

79.     Defendants appropriated and retained Plaintiffs' life savings and retirement funds.

80.     As alleged herein and above, defendant Averra, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendant Averra, repeatedly represented to Plaintiff that: she would be purchasing precious metals from Defendants at fair market value on the day of purchase; that she would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that she would have access to his investment funds at any time if she needed money.

81.     In reliance on the repeated representations and assurances by Defendants, particularly, defendant Averra, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff

agreed to purchase precious metals from Defendants.

82.   Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated February 26, 2018, the amount of $115,00.00.

83.   Thereafter, in February of 2018, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants.

84.   Defendants appropriated and retained the Plaintiff's life savings and retirement funds for wrongful use, with the intent to defraud, and/or by undue influence.

85.   Defendants engaged in such misconduct either directly, or assisted each other in such misconduct.

86.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess $500,000.00, to be proven at the time of the trial together with the interest thereon.

87.   Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $5,000,000.00.

88.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.  (e.g., Welf. & Inst. Code §15657.5)

## SIXTH CAUSE OF ACTION

### CONVERSION

### (Against all Defendants)

89.   Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

90. At all times relevant herein, Plaintiff had an ownership interest in her life savings and retirement funds, including without limitation, all amounts of money paid to Defendants in connection with Defendant's Investment Opportunity.

91. Defendants are in possession of all the money the Plaintiff paid in connection with Defendant's Investment Opportunity.

92. Despite multiple demands by Plaintiff for the return of her money, Defendants have refused to pay back the money and continue to hold such money belonging to Plaintiff without her consent in converting the same to Defendants' own use.

93. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

94. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $5,000,000.00.

95. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.  (e.g., Welf. & Inst. Code §15657.5)

## SEVENTH CAUSE OF ACTION

### COMMON COUNT

### (MONEY HAD AND RECEIVED)

### (Against all Defendants)

96. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

97. Defendants received amounts of money that were intended for Plaintiff's benefit, including without limitation, payments Plaintiff made to Defendants in connection with Defendant's Investment Opportunity.

---

COMPLAINT FOR DAMAGES

98.  Despite multiple demands by Plaintiff for the return of her money, Defendants have refused to pay back the money and continue to hold said money.

99.  As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

100. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law. (e.g., Welf. & Inst. Code §15657.5)

## EIGHTH CAUSE OF ACTION

### UNFAIR AND DECEPTIVE BUSINESS PRACTICES

### CALIFORNIA B & P §17200, ET. SEQ.

**(Against all Defendants)**

101. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

102. Business and Professions Code § 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code" and allows an aggrieved party to seek restitution and relief from the court enjoining such unfair and fraudulent acts and practices.

103. At all times mentioned herein, Defendants engaged in "unlawful", "unfair", and "fraudulent" business practices because its conduct was immoral, unethical, oppressive, unscrupulous and substantially damaging to Plaintiff.

104. Specifically, and without limitation, the particular offensive conduct includes Defendants' representations and assurances to Plaintiff that: Defendants' Investment Opportunity was safe and her investment with Defendants will only increase in value as the dollar is going to lose

strength causing precious metals to increase in value; Defendants repeatedly representing that Plaintiff would be purchasing precious metals from Defendants at fair market value on the day of purchase; that Plaintiff would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty, for no less than the same price Plaintiff purchased them; and that the precious metals would be kept by a third party on her behalf.

105.    In fact, Plaintiff's investment with Defendants lost almost all of its value; Defendants refused and continues to refuse to sell or buy back any of the precious metals Plaintiff bought from Defendants in connection with Defendants' Investment Opportunity at the prices Plaintiff bought them from Defendants.

106.    At all times mentioned herein, Defendants engaged in "fraudulent" business practices because members of the public are likely to be deceived as a result of the conduct alleged herein and above.

107.    As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

108.    Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $5,000,000.00.

109.    Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.  (e.g., Welf. & Inst. Code §15657.5)

110.    Additionally, Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to, including harm to the public especially the elderly whom, are targeted by the Defendants, for which money cannot adequately compensate. Plaintiff has no adequate remedy at law for these wrongs and injuries. Plaintiff is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and

employees, and all persons acting thereunder, in concert with, or on their behalf, from further acts of unfair competition, including (a) engaging in additional misappropriation of others; (b) engaging in acts which would be harmful to the public, including selling products, including without limitation, Defendants' Investment Opportunity, under the same type of misrepresentations; (c) any actions which are fraudulent, including continuing to make misrepresentations to prospective customers as they had done to Plaintiff; and (d) engaging in self dealing, including usurping opportunities.

## NINTH CAUSE OF ACTION

### PENAL CODE § 496(a)

### (Against all Defendants)

111.  Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

112.  Penal Code § 496(a) states that "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year."

113.  Penal Code § 496(c) states that "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

114.  As alleged herein and above, Defendants induced Plaintiff under false pretenses to use Plaintiff's life savings and retirement funds to buy into Defendants' Investment Opportunity and to purchase precious metals from Defendants in connection with the Investment Opportunity.

115.  As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial

1   together with the interest thereon.

2   116.   Additionally, Defendants' conduct was willful and malicious and without regard for the well-
3          being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ.
4          Code § 3294 in excess of $5,000,000.00.

5   117.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to
6          recover from Defendant in accordance with the terms of the agreements alleged herein or as may
7          be provided by law.  (e.g., Penal Code § 496(c))

8                                    **TENTH CAUSE OF ACTION**

9                                        **CIVIL CONSPIRACY**

10                                     **(Against all Defendants)**

11  118.   Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation
12         from each and every paragraph before and after this paragraph, as though said paragraphs were
13         set forth in full herein.

14  119.   Defendants and each of them knowingly and willfully conspired and agreed among themselves
15         to perpetrate a fraud on Plaintiff to steal her life savings and retirement funds for Defendants'
16         own benefit.

17  120.   Defendants conspired to violate Plaintiff's rights for all the causes of action alleged in this
18         pleading.

19  121.   Defendants and each of them did the acts and things alleged herein and above pursuant to, and in
20         furtherance of, the conspiracy and above-alleged conspiracy agreement.

21  122.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff
22         has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial
23         together with the interest thereon.

24  123.   Additionally, Defendants' conduct was willful and malicious and without regard for the well-
25         being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ.
26         Code § 3294 in excess of $5,000,000.00.

27  124.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to

recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## **ELEVENTH CAUSE OF ACTION**

### **RECISSION BASED ON UNILATERAL MISTAKE**

#### **(Against all Defendants)**

125.   Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

126.   Plaintiff entered into the Investment Opportunity with the Defendants based upon Plaintiff's understanding of Defendant's Investment Opportunity as a stated herein and above.

127.   As result of Defendants' representations and assurances, as alleged herein and above, Plaintiff was mistaken in believing that Defendants' Investment Opportunity was safe and her investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value; that Plaintiff would be purchasing precious metals from Defendants at fair market value on the day of purchase; that Plaintiff would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty, for no less than the same price she purchased them; and that the precious metals would be kept by a third-party on her behalf.

128.   Plaintiff's mistake was not caused by any neglect of a legal duty.

129.   Defendants knew of Plaintiff's mistaken belief and used Plaintiff's mistake to take advantage of Plaintiff by inducing Plaintiff to enter into the Contract to buy into Defendant's Investment Opportunity and to purchase precious metals from Defendants in connection with the Investment Opportunity.

130.   Defendants later claimed that the terms of Plaintiff's investment with Defendants were different than the terms of Plaintiff's mistaken belief.

131.   Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to her on condition that Defendants restore to

Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

132.    Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

133.    Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

134.    Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

### TWELFTH CAUSE OF ACTION

### RECISSION BASED ON FRAUD & FRAUDULENT INDUCEMENT

### (Against all Defendants)

135.    Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

136.    At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

137.    Defendants made the aforementioned representations and assurances with the intention to defraud and induce Plaintiff to buy into Defendants' Investment Opportunity and buy precious metals from Defendants as part of the Investment Opportunity.

138.    Plaintiff reasonably and justifiably relied on Defendants' false representations and assurances.

139.    Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to

effectuate the same.

140. Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to her on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

141. Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

142. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

143. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $5,000,000.00.

144. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**THIRTEENTH CAUSE OF ACTION**

**RECISSION BASED ON NEGLIGENT MISREPRESENTATION**

**(Against all Defendants)**

145. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

146. Defendants' representations and assurances to Plaintiff were not true.

147. While Defendants may have believed their representations and assurances to Plaintiff were true,

Defendants had no reasonable grounds for believing the representations and assurances were true when Defendants made them.

148.  Defendants intended that Plaintiff rely on their representations and assurances.

149.  Plaintiff reasonably and justifiably relied on Defendants' representations and assurances.

150.  Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

151.  Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

152.  Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to her on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

153.  Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

154.  As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

155.  Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## FOURTEENTH CAUSE OF ACTION

### RECISSION BASED ON LACK OF CONSIDERATION

**(Against all Defendants)**

156. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

157. As a result of Defendants' breach of contract, fraud, negligent misrepresentation, and fraudulent inducement upon Plaintiff with respect to Defendants' Investment Opportunity, as alleged herein and above, the consideration for Plaintiffs' obligation completely fails, thereby rendering it entirely void.

158. Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to her on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

159. Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

160. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

161. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## FIFTEENTH CAUSE OF ACTION

### RECISSION BASED ON ILLEGALITY & PUBLIC INTEREST

**(Against all Defendants)**

162. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

163. As a result of Defendants' financial elder abuse, unfair and deceptive business practices, and violation of Penal Code § 496(a) against Plaintiff with respect to Defendants' Investment Opportunity, as alleged herein and above, the Contract alleged herein is unlawful and its enforcement would be prejudicial to the public interest.

164. Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to her on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

165. Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

166. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

167. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $5,000,000.00.

168. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

### SIXTEENTH CAUSE OF ACTION

### CANCELLATION OF INSTRUMENTS (CIVIL CODE § 3412)

**(Against all Defendants)**

169. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

170. As a result of Defendants' breach of contract, fraud, negligent misrepresentation, fraudulent inducement, financial elder abuse, unfair and deceptive business practices, and violation of Penal Code § 496(a) against Plaintiff with respect to Defendants' Investment Opportunity, as alleged herein and above, the consideration for Plaintiffs' obligation completely fails, thereby rendering the Contract allege herein entirely void, voidable, subject to rescission, and/or otherwise invalid.

171. Plaintiff is under a reasonable apprehension that the Contract may cause serious injury to Plaintiff if left outstanding where Defendants have refused and continues to refuse to sell or buy back the precious metals Plaintiff bought from Defendants for the same price Plaintiff paid for them.

172. Accordingly, Plaintiff requests that the Contract be adjudged as void, voidable, subject to rescission, and/or otherwise invalid and thereby ordered canceled.

173. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

### SEVENTEENTH CAUSE OF ACTION

### RESTITUTION (UNJUST ENRICHMENT)

**(Against all Defendants)**

174. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

175. At all times relevant herein, Plaintiff had an ownership interest in her life savings and retirement

funds, including without limitation, all moneys paid to Defendants in connection with Defendant's Investment Opportunity.

176. Defendants are in possession of all the money Plaintiff paid in connection with Defendant's Investment Opportunity.

177. Despite multiple demands by Plaintiff for the return of her money, Defendants have refused to pay back the money and continue to hold such money belonging to Plaintiff.

178. As result of Defendants' failure and refusal to pay all moneys belonging to Plaintiff, Defendants, at all times relevant herein, have been and continues to be unjustly enriched at the expense of Plaintiff.

179. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

180. Plaintiff therefore seeks restitution from Defendants.

181. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## EIGHTEENTH CAUSE OF ACTION

### ACCOUNTING

### (Against all Defendants)

182. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

183. Plaintiff demands an accounting of all payments received by Defendants pursuant to the Contract in connection with the aforementioned Investment Opportunity.

184. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may

1  be provided by law.

2  ## NINETEENTH CAUSE OF ACTION

3  ### CIVIL RICO – SECTION 1962

4  **(Against all Defendants)**

5  185.   Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation

6  from each and every paragraph before and after this paragraph, as though said paragraphs were

7  set forth in full herein.

8  186.   Defendants comprise an enterprise that is engaged in and whose activities affect interstate

9  commerce.

10  187.   The Defendants are employed by or associated with the enterprise.

11  188.   Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs

12  through a pattern of racketeering activity and for the unlawful purpose of intentionally

13  defrauding Plaintiff.

14  189.   Pursuant to and in furtherance of their fraudulent scheme, Defendants committed the following

15  multiple related acts:  Defendants repeatedly represented and assured Plaintiff that the

16  Investment Opportunity was safe and had no risk of losing money; the Investment Opportunity

17  was safe and her investment with Defendants will only increase in value as the dollar is going to

18  lose strength causing precious metals to increase in value; Plaintiff would be purchasing precious

19  metals from the Defendants at fair market value on the day of purchase; that Plaintiff would be

20  able to sell and/or Defendants would buy back any part or the whole investment of the precious

21  metals at any time, without any penalty, for no less than the same price Plaintiff purchased them;

22  and that the precious metals would be kept by a third-party on her behalf; when, in fact,

23  Plaintiff's investment with Defendants lost almost all of its value; the Defendants refused and

24  continue to refuse to sell or buy back any of the precious metals Plaintiff bought from

25  Defendants in connection with the Investment Opportunity at the prices Plaintiff bought them

26  from the Defendants.

27  190.   The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. §

1961(5).

191. The Defendant(s) have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962(c).

192. As a factual and legal result of Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), as alleged herein and above, Plaintiff has been damaged for an amount, including treble damages pursuant to 18 U.S.C. § 1964(c), in excess of $2,000,000.00, to be proven at the time of the trial together with the interest thereon.

193. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.  (e.g. 18 U.S.C. § 1964(c))

## TWENTIETH CAUSE OF ACTION

### CIVIL RICO – SECTION 1962(d)

### (Against all Defendants)

194. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

195. As set forth above, the Defendants agreed and conspired to violate 18 U.S.C. § 1962(c).

196. Specifically, Defendants have intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity to perpetrate a fraud on Plaintiff to steal her life savings and retirement funds for the Defendants' own benefit.

197. The Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above.

198. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d).

199. As a factual and legal result of Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), as alleged herein and above, Plaintiff has been

1    damaged for an amount, including treble damages pursuant to 18 U.S.C. § 1964(c), in excess of

2    $1,500,000, to be proven at the time of the trial together with the interest thereon.

3    200.    Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to

4            recover from Defendant in accordance with the terms of the agreements alleged herein or as may

5            be provided by law.  (e.g. 18 U.S.C. § 1964(c))

6

7                                    **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiff demands judgment against Defendants as follows:

9    1.      That Plaintiff is awarded judgment in this action;

10   2.      That Plaintiff is awarded compensatory damages, including general damages, special damages,

11           statutory damages, punitive or treble damages, and such other relief as provided by agreement or

12           statutes cited herein and above;

13   3.      That Plaintiff is awarded compensatory damages, including general damages, special damages,

14           statutory damages, treble damages, and such other relief as provided by the civil RICO remedies

15           cited herein and above;

16   4.      Pre-judgment and post-judgment interest on such monetary relief;

17   5.      Equitable relief in the form of an injunction prohibiting the misconduct described herein and

18           above against Plaintiff and all those similarly situated to the extent allowed by law;

19   6.      Declaratory relief determining the rights and obligations of the parties on any contract that may

20           exist among the parties;

21   7.      A determination that the alleged Agreement of Defendants is null and void; a declaration that

22           only the one page Plaintiff signed is the Contract; that the subsequent pages of the Agreement

23           were never a part of the Agreement;

24   8.      That the arbitration provision of the alleged agreement was not agreed to by the Plaintiff, is not

25           applicable, and is null and void;

26   9.      Prohibiting the misconduct described herein and above;

27   10.     The recession of the agreement and all relevant documents for reasons stated above;

11.     For constructive trust over the funds of Plaintiff and all those funds made using the funds of the Plaintiff to the extent allowed by law;

12.     An accounting as described herein and above;

13.     That Plaintiff is awarded reasonable attorney fees;

14.     That Plaintiff is awarded costs of suit incurred herein; and

15.     For such other and further relief as the court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


**LAW OFFICE OF DANIEL N. GREENBAUM, P.C.**



Dated: October 15, 2020

By: _____
     DANIEL N. GREENBAUM
     Attorneys for ELIZABETH SHAW

1
2
3
4
5
6
7
8
9
10
11
12
**<u>EXHIBIT 1</u>**
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

February 26th, 2018
INVOICE #[WV22618MK]

# metals.com
*The #1 Name In Metals*

*433 N. Camden Dr, Suite 970*
*BEVERLY HILLS, CA 90210*
**Phone: 800-463-1326**
**Email: CORPORATE@METALS.COM**

## Elizabeth Shaw
## Purchase Invoice

**BILLING ADDRESS:**
*Metals.com*
*433 N. Camden Dr, Suite 970*
*BEVERLY HILLS, CA 90210*

**DROP SHIP ADDRESS:**
*Delaware Depository Services Co.*
*3601 North Market Street*
*Wilmington, DE 19802*

## Comments or special instructions:

| DESCRIPTION | Quantity | Unit Price | AMOUNT |
|---|---|---|---|
| Silver - Canadian Maple Leaf Coin .9999 - 1.0 oz | 101 | $18.36 | $1,854.36 |
| Silver - America The Beautiful Coin - Kisatche - 5.0 oz | 10 | $135.00 | $1,350.00 |
| Silver - 2018 Polar Bear Coin .9999 - 0.5 oz | 4,150 | $26.50 | $109,975.00 |
| Silver - bar - 10 oz | 10 | $182.00 | $1,820.00 |
| | | TOTAL | $114,999.36 |

RISK DISCLOSURE AND ACCOUNT AGREEMENT SIGNED AND UNDERSTOOD, Metals.com does not provide legal, tax, or investment advice. Nothing of the foregoing, or of any other written, electronic or oral statement or communication by Metals.com or its representatives, is intended to be, or may be relied as, legal, tax or investment advice, statements, opinions or predictions. Prior to making any investment decisions, please consult with the appropriate legal, tax, and investment professionals for advice.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**<u>EXHIBIT 2</u>**




**HEARTLAND**
B A N K

Date: 3/9/2018   Page: 5 of 5
Account: ███████6507



Check 822 Amount $115,000.00 Date 2/27/2018

From: Security Benefit

$$
\begin{array}{r}
1\overset{3}{4}2,047.46 \\
-115\,000 \\
\hline
27,047
\end{array}
$$